# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

_____

MIKE WEST,
f.k.a. MICHAEL F. BAPTISTE,                          CV 10-60-M-DWM-JCL

    Plaintiff,

           ORDER, and FINDINGS
   vs.          AND RECOMMENDATION
           OF U.S. MAGISTRATE JUDGE

STATE OF MONTANA,

    Defendant.

_____

## I.  INTRODUCTION AND *IN FORMA PAUPERIS* APPLICATION

Plaintiff Mike West has filed a Complaint, together with a Motion to Proceed In Forma Pauperis.  West submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Because it appears West lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that West's Motion to Proceed In Forma Pauperis is **GRANTED**.  This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file West's Complaint as of the filing date of his request to proceed in forma pauperis.

The federal statute under which leave to proceed in forma pauperis is permitted also requires the Court to conduct a preliminary screening of the allegations set forth in the Complaint.  The statute states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
>> (A) the allegation of poverty is untrue; or
>>
>> (B) the action or appeal–
>>
>>> (i) is frivolous or malicious;
>>>
>>> (ii) fails to state a claim on which relief may be granted; or
>>>
>>> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).  Accordingly, the Court will review West's Complaint to consider whether it can survive dismissal under these provisions.  *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II.  PLAINTIFF'S ALLEGATIONS

This lawsuit is the fourth complaint West has filed with this Court since 2006 stemming from the same circumstances alleged in the Complaint filed in this action.[1]  As with his prior actions, West's current Complaint again seeks

---

[1]West's previously filed actions are as follows: *Baptiste v. State of Montana*, CV 06-122-M-DWM-JCL; *Baptiste v. State of Montana*, CV 06-123-M-DWM-

ORDER, and FINDINGS AND RECOMMENDATION - Page 2

compensation for allegedly having been wrongfully subjected to a civil commitment due to mental health reasons.

West's ordeal stems from criminal charges filed against him in 1998. The State of Montana charged West with robbing food from a church in Seeley Lake, Montana. As a result of the criminal charges the "state judge [...] sent [him] to the State Hospital for 5 years." West alleges the staff at the State Hospital determined West was mentally ill, and the staff insisted West had committed the alleged crime. West asserts in this action, however, that he is not mentally ill and that he did not commit the crime.

Following his 5 years of commitment at the State Hospital, West was conditionally released from the hospital under the status "not guilty mental illness," or NGMI. As a condition of his release West was required to serve a 5-year term of community commitment under the care of the Western Montana Mental Health Center in Missoula, Montana. The 5-year community commitment imposed significant restrictions on West's liberty.

---

JCL; and *West v. State of Montana*, CV 10-10-M-DWM-JCL. All of these cases were dismissed either on abstention grounds pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), or because West's claims were barred under the authority of *Heck v. Humphrey*, 512 U.S. 477 (1994).

West's allegations do not clarify whether he was still subject to the civil commitment at the time he filed his Complaint in this matter.  The two 5-year civil commitment terms to which West refers began in 1998 and, therefore, would have otherwise expired in 2008.  In West's case filed earlier in 2010, however, West alleged that the Western Montana Mental Health Center "continues in 2010 to go into state court[] to get 6 month continual community commitments to me." *West v. State of Montana*, CV 10-10-M-DWM-JCL, Dkt. # 2 at 3; *See Burbank-Glendale-Pasadena Airport Authority v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (allowing judicial notice of pleadings in related cases).  Therefore, the 10-year duration of West's civil commitment may have been extended, and he may still be subject to the commitment.

Nevertheless, West alleges he was wrongfully committed for a total of 10 years, and was subjected to a "false arrest" for that period of time.  For his relief, West requests compensation in the amount of $12 million for damages he suffered during the 10 years he was wrongfully subjected to the civil commitment.

## III.  DISCUSSION

Because West is proceeding *pro se* the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  *See*

ORDER, and FINDINGS AND RECOMMENDATION - Page 4

*also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).  Although the Court has

authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the
> pleading was made, unless it determines that the pleading could not possibly
> be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*,

58 F.3d 494, 497 (9th Cir. 1995)).

The Court construes West's Complaint as filed pursuant to 42 U.S.C. §

1983 since West alleges the civil commitment deprived him of his liberty.

> To sustain an action under section 1983, a plaintiff must show (1) that the
> conduct complained of was committed by a person acting under color of
> state law; and (2) that the conduct deprived the plaintiff of a federal
> constitutional or statutory right.

*Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989).  West's allegations suggest

the State of Montana, and the "state judge" who sent him to the State Hospital,

acted under color of state law to deprive him of his liberty and right to be free

from State control.

For the reasons discussed below, however, West cannot, as a matter of law,

pursue this case under 42 U.S.C. § 1983 at this time.  A plaintiff cannot prosecute

a § 1983 action for damages based on an allegedly illegal conviction or criminal

sentence unless the plaintiff has first obtained a prior judgment invalidating the

ORDER, and FINDINGS AND RECOMMENDATION - Page 5

conviction or sentence.  The United States Supreme Court has concluded that

when a plaintiff brings a § 1983 suit that stems from a criminal conviction or

sentence which the plaintiff has not previously overturned or invalidated,

> the district court must consider whether a judgment in favor of the
> plaintiff would necessarily imply the invalidity of his conviction or
> sentence; if it would, the complaint **must be dismissed** unless the
> plaintiff can demonstrate that the conviction or sentence has already
> been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (emphasis added).

The rule established in *Heck* applies equally to individuals who are subject

to a civil commitment.  *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1137 (9th Cir.

2005).  A court may not grant relief to a plaintiff under § 1983, when granting that

relief would imply that the plaintiff's civil commitment is invalid.  Rather, the

lawsuit must be dismissed without prejudice pending the plaintiff's proper legal

challenge to the validity of the commitment itself.  *Id.* at 1141-42.

The sole relief West requests in this case is an award of compensatory

damages caused by his allegedly wrongful civil commitment.  Thus, a judgment

granting that relief would necessarily and improperly imply that West's civil

commitment is invalid.  *See Huftile*, at 1141 (concluding claim challenging the

validity of a doctor's report on which a civil commitment was based would

necessarily imply the invalidity of the commitment).  Therefore, before West can

ORDER, and FINDINGS AND RECOMMENDATION - Page 6

proceed with this § 1983 action he must first establish the invalidity of his civil commitment, and the invalidity of the alleged custody and control that the State of Montana had, or continues to have over him.[2] *Huftile*, at 1142.  West has not established these requisite conditions.  At this juncture, West can only challenge the validity of his commitment and associated circumstances through the state courts, or through a subsequent habeas corpus action filed in federal court.[3]

To the extent West may no longer be subject to the 10-year civil commitment which commenced in 1998, he may no longer be "in custody" as required to enable him to invoking the federal habeas corpus remedy under 28 U.S.C. § 2254.  Section 2254 requires that a petitioner must be "in custody" at the time the petition is filed.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  Thus, the habeas remedy might now be legally unavailable to West.

Nonetheless, the fact that West's federal habeas remedy may no longer be available to him as a matter of law does not lift *Heck*'s bar.  *See Guerrero v.*

---

[2]It is not clear from the face of West's allegations whether he is still subject to the community commitment at this time.

[3]A civil commitment made pursuant to a state court order is properly the subject of a federal habeas corpus petition.  *Huftile*, at 1139-40.  However, a habeas petition can only be heard after a person has exhausted his or her remedies available through the state courts.  *Id*. at 1139.  West has not indicated in his Complaint that he has previously exhausted any state court remedies, or that no such remedies are available to him.

ORDER, and FINDINGS AND RECOMMENDATION - Page 7

*Gates*, 442 F.3d 697, 704-705 (9th Cir. 2006).  A plaintiff's timely pursuit of

available habeas remedies is important in considering the application of *Heck*.  *Id.*

Not only has West failed to demonstrate that he has successfully challenged the

validity of his civil commitment, he also does not indicate that he ever attempted

to challenge his commitment through any available means during the 10 years he

was subject to the commitment.[4]  Thus, his failure to timely seek habeas relief at

any time prior to the expiration of his civil commitment, assuming it is now

expired, is due to his own conduct.  West "cannot now use his 'failure timely to

pursue habeas remedies' as a shield against the implications of *Heck*."  *Guerrero*,

442 F.3d at 705.

　　　　The Court recognizes there exists a limited exception to the *Heck* bar as

applied in situations where the plaintiff is no longer "in custody."

---

[4]The Court notes the substance of West's allegations advanced in this case is no different than the substance of his lawsuits filed in this Court in 2006 and 2010. *See* note 1, *supra*.  In his prior cases West similarly failed to establish that he had successfully invalidated his civil commitment through prior proceedings. Therefore, the Court dismissed at least two of West's prior cases based on the same analysis discussed above.  By as early as August 2006, through this Court's August 24, 2006 Findings and Recommendations entered in *Baptiste v. State of Montana*, CV 06-122-M-DWM-JCL (Dkt. # 3), the Court informed West of the requirement that he must first invalidate his civil commitment through habeas remedies prior to pursuing his claims under 42 U.S.C. § 1983.  Despite notice of the *Heck* bar applicable to his claims, West still has not demonstrated that he has made any attempt to exhaust any remedies available to him to invalidate his civil commitment.

ORDER, and FINDINGS AND RECOMMENDATION - Page 8

> In some exceptional situations, *Heck* may not bar a non-custodial
> plaintiff-one to whom habeas corpus is not available because he is no longer
> "in custody" as required, see 28 U.S.C. § 2254-from proceeding with a
> civil-rights action that, if successful, would imply the invalidity of an
> adjudicated offense.

*El v. Crain*, 560 F. Supp. 2d 932, 944 (C.D. Cal. 2008) (citing *Spencer v. Kemna*,

523 U.S. 1 (1998)).  *See Nonnette v. Small*, 316 F.3d 872 (9th Cir. 2002) (applying

*Spencer* and recognizing an exception to *Heck*'s bar where the plaintiff is no

longer in custody).  This exception to the *Heck*-bar rule, however, is narrow and

limited to plaintiffs:

> (1) who are "former prisoners challenging loss of good-time credits,
> revocation of parole or similar matters," [citation omitted], not collaterally
> challenging underlying criminal *convictions*, and (2) who diligently pursued
> "expeditious litigation" to challenge those punishments to the extent
> possible.

*El v. Crain*, 560 F. Supp. 2d at 945 (emphasis in original).

This limited exception does not apply under the circumstances of West's

allegations.  West is attempting to collaterally challenge an underlying civil

commitment, and he has not diligently pursued "expedition litigation" to challenge

his commitment.  Therefore, even assuming West is no longer in custody, his

allegations do not satisfy the conditions of the exception to *Heck*'s bar.

Based on the foregoing, the Court concludes West's claims against the State

of Montana are barred by *Heck*.  Accordingly, **IT IS HEREBY**

ORDER, and FINDINGS AND RECOMMENDATION - Page 9

**RECOMMENDED** that West's Complaint should be **DISMISSED** without

prejudice.

DATED this 9th day of June, 2010.

/s/ Jeremiah C. Lynch_____
Jeremiah C. Lynch
United States Magistrate Judge