
FILED
JUN 3 0 2010
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| MIKE WEST, f.k.a. MICHAEL F. BAPTISTE, | ) ) ) | CV 10-60-M-DWM |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| STATE OF MONTANA, | ) ) | |
| Defendant. | ) ) | |

Plaintiff West is proceeding pro se. He filed a complaint which the Court construed as an action under 42 U.S.C. § 1983. United States Magistrate Judge Jeremiah C. Lynch entered Findings & Recommendations in this matter on June 9, 2010. Plaintiff timely objected on June 18, 2010. Therefore, he is entitled to <u>de</u>

novo review of those portions of the Findings and Recommendation to which he objected. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

West claims he was wrongfully held by the Montana state hospital and subjected to community commitment under the supervision of Western Montana Mental Health Center. Judge Lynch recommended dismissing West's Complaint without prejudice, concluding West's claims challenging his civil commitment are barred by Heck v. Humphrey, 512 U.S. 477, 480 (1994).

West objects to Judge Lynch's findings, arguing that Judge Lynch incorrectly referred to the ten years West was under state supervision in the state hospital and on community supervision as a civil commitment. He argues he was not subject to a civil commitment, but was wrongly held for a felony he did not commit. West's objection does not address Judge's Lynch's finding that West cannot pursue his case under 42 U.S.C. § 1983 at this time. Whether he was under a civil commitment, as stated by Judge Lynch, or wrongfully held for a felony he claims he did commit, West is still barred by the Heck doctrine. West must first establish the invalidity of the judgment confining him for the last ten years, and

the invalidity of the alleged custody and control that the State of Montana continues to have over him before he can proceed with a § 1983 claim. I agree with Judge Lynch that this action must be dismissed.

I can find no clear error with Judge Lynch's remaining findings and recommendation.

IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation (dkt #4) are adopted in full. West Complaint is DISMISSED without prejudice.

The Clerk of Court is directed to close the case.

Dated this 25th day of June, 2010.

Donald W. Molloy, District Judge
United States District Court